IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damion Andre Williams,<br><br>    Movant/Defendant,<br><br>v.<br><br>United States of America,<br><br>    Respondent/Plaintiff. | No. CV-22-02066-PHX-DLR<br><br>(No. CR-21-00496-PHX-DLR)<br><br>**ORDER** |

  Before the Court is Movant/Defendant Damion Andre Williams' ("Movant") pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("the Motion") pursuant to 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 42), United States Magistrate Judge Alison S. Bachus' Report and Recommendation ("R&R") (CV Doc. 12), Movant's Objections to Magistrate Judge's Report and Recommendation (CV Doc. 15), Movant's (Supplement) Objections to Magistrate Judge's Report and Recommendation (CV Doc. 16) and the United States' Response to Petitioner's Objections to Magistrate Judge's Report and Recommendation (CV Doc. 17).

  The Court has reviewed the Motion and the R&R de novo and considered Movant's objections. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the Court must make a de novo determination of those portions of the R&R to which specific objections are made). Movant has filed two sets of objections. (CV Docs. 15 & 16.) The two objections are identical except the second contains exhibits, apparently intended to document Movant's mailing of his objections to the United States District Court. The Court will treat

the two sets of objections as one. All three of Movant's objections involve variations of claims of ineffective assistance of counsel.

## I.     BACKGROUND

Movant's Motion involves two separate matters that were disposed of in one sentencing hearing: CR 14-0398-1-PHX-DLR (the "2014 case") and CR 21-00496-PHX-DLR (the "2021 case"). In February 2015, Movant pled guilty to two felony counts in the 2014 case. He received a prison sentence followed by a term of supervised release. While on supervised release for the 2014 case, Movant was indicted on a new charge—one felony count in the 2021 case—and also charged with violating the conditions of release in his 2014 case.

In a combined change of plea hearing in the 2021 case and admit/deny hearing in the 2014 case, Movant pled guilty to the new charge in the 2021 case and admitted that he violated the conditions of his supervised release in the 2014 case. The plea agreement addressed both cases and provided that Movant's sentence in the 2021 case would not exceed the low end of the Sentencing Guidelines range and that the sentence in the 2014 case would not exceed the low end of the applicable policy statement.

Movant confirmed with the Court, at the combined hearing before the Magistrate Judge, that he understood that his sentences in each case could run consecutively. (CV Doc. 5-1, Att. A at 6-8; CR21 Doc. 40 at 6-8.) Movant's counsel informed the Court that he had given Movant an estimate of what his sentence might be, but emphasized that it was only an estimation and "in other words, there's (sic) no promises." (*Id.* at 8-9.) The Court confirmed that it was only an "educated prediction" because "certain guideline issues have to be decided and they will be decided by Judge Rayes and that's what makes it unpredictable." (*Id.* at 9.)

Upon inquiry by the Court, Movant indicated he understood. (*Id.*) It was further acknowledged that the sentencing judge would have to provide Movant and the Government a chance to withdraw from the plea agreement if Movant were not sentenced in accordance with the agreement. (*Id.* at 9-10.)

After the change of plea hearing and before sentencing, Judge Rayes entered an order accepting the guilty plea. (21CR Doc. 22.) Then, at sentencing, the Court varied downward below the parties' stipulated cap of the low end of the advisory Guidelines range and sentenced Movant to 48 months' imprisonment in the 2021 case. (CV Doc. 5-1, Att. B at 20.) However, as to the supervised release violations in the 2014 case, the Court's sentence exceeded the stipulated cap of 5 months (the low end of the applicable policy statement range for each of the respective counts). (CV Doc. 5-1, Att. C.) Movant was ordered to serve 10 months as to each of the two counts in the 2014 case, to be served concurrently with each other, but consecutively to the sentence imposed in the 2021 case. (*Id.* at 22-23.)

After imposing sentences, both counsel confirmed that Movant had been sentenced in accordance with the plea agreement. (*Id.* at 24.) The Court found that Movant had been sentenced pursuant to the terms of the plea agreement, reminded Movant of the waiver of appeal rights in the plea agreement, and advised Movant of the time limit for filing a notice of appeal. (*Id.*)

On December 1, 2021, Movant timely filed a notice of appeal in the 2014 case. (14CR Doc. 299.) He did not file a notice of appeal in the 2021 case. On appeal, Movant argued that the District Court had violated Rule 11 of the Federal Rules of Criminal Procedure and erred by failing to impose a "revocation sentence" capped at the low end of the applicable policy statement range for each of the respective revocation counts. (CV Doc. 5-1, Att. C.) Thus, Movant contended his appellate waiver was invalid, his revocation sentence should be vacated, and he should be re-sentenced consistent with the binding terms of his plea agreement. (*Id.*)

On December 6, 2022, and while the appeal was pending, Movant filed the instant Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (CV Doc. 1; 21CR Doc. 42). Movant did not file a motion in the 2014 case. In his Motion, Movant challenged his "total sentence of 58 months" for the 2021 offense and his supervised release violation. (*Id.*) The Government

filed its Limited Answer on February 13, 2023. (CV Doc. 5.) Meanwhile, in the appellate matter, the parties filed a Joint Motion to Remand Case to the District Court for Resentencing. (CV Doc. 5-1, Att. D.) In the Joint Motion, the parties acknowledged that counsel had "mistakenly" agreed that the District Court had sentenced Movant in accordance with the terms of the plea agreement and that the low end of the revocation range was five months on each of the two counts. (*Id.* at 2-3.) The Government agreed not to enforce the appellate waiver and that the matter should be remanded for resentencing consistent with the plea agreement. (*Id.* at 3.)

The parties' Joint Motion was granted by the Ninth Circuit Court of Appeals. (14CR Doc. 317-1.) The District Court's Order revoking Movant's supervised release was vacated, and the 2014 case was remanded "to the District Court for resentencing consistent with the stipulation in the plea agreement as to the sentence for [Movant's] supervised release violation." (*Id.*)

On remand from the Ninth Circuit, the District Court held a disposition hearing in the 2014 case on May 1, 2023. (14CR Doc. 324.) The Court revoked Movant's supervised release and ordered Movant to serve 4 months on each count of revocation, to be served consecutively to each other and consecutively to the term of imprisonment imposed in the 2021 case. (14CR Doc. 325.)

**II.   OBJECTIONS TO THE R&R**

Movant first objects to the R&R's recommendation that Movant's claim of ineffective assistance of counsel be denied. Movant argues that the R&R did not consider the "outside the record evidence" that supported his claim that "clearly establishes that Counsel failed to fully explain the full extent of his sentencing exposure." (CV Doc. 16 at 2.) The Court reviews claims of ineffective assistance of counsel under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland,* Movant must show: (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. 466 U.S. at 687. The Court has discretion to review the two prongs of the *Strickland* test in any order and need not address both prongs if

Movant makes an insufficient showing in one. *See Strickland*, 466 U.S. at 697.

Movant alleges that his attorney guaranteed him a sentence of 37 months before his change of plea hearing. (CV Doc. 2, Exh. A at ¶¶ 7, 9.) However, Movant's counsel stated on the record and in Movant's presence during the change of plea hearing that he had provided Movant with his best estimate as to what the low end of the range would be (37 months). Counsel also expressed uncertainty as to what the ultimate cap might be. (CV Doc. 5-1, Att. A at 8-9.) Counsel explicitly stated that the Guidelines calculation was "a bit more complex than normal" and there were "no promises" that counsel's estimation that 37 months was the low end of the range was correct. (*Id.* at 9.)

When a court explains to a defendant the discretion the court has with respect to what a sentence might be, and that explanation occurs before the guilty plea is accepted, there can be no showing that a defendant "suffered prejudice from his attorney's prediction." *Doganiere v. United States,* 914 F.2d 165, 168 (9th Cir. 1990). The Magistrate Judge explained the sentencing discretion the sentencing judge had. (CV Doc. 5-1, Att. A at 9.) The Magistrate Judge characterized the Guidelines determination that the sentencing judge would make as "unpredictable." (*Id.*) After explaining that counsel's prediction was only a prediction and that the sentencing judge would make the ultimate determination under the Guidelines, the Magistrate Judge asked Movant if he understood all of that. (CV Doc. 5-1, Att. A at 9.) Movant responded, "Yes, Your Honor." (*Id.*) "In assessing the voluntariness of the plea, statements made by a criminal defendant contemporaneously with his plea should be accorded great weight." *Chizen v. Hunter*, 809 F.2d 560, 562 (citing *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). That is, Movant's own "solemn declarations made in open court carry a strong presumption of verity." *Id.*

Movant's first objection, that the R&R did not consider the "outside the record evidence" that supported his claim that "clearly establishes that Counsel failed to fully explain the full extent of his sentencing exposure," is overruled. Based on the record of the proceedings, Movant has failed to demonstrate deficient performance in the explanation of the sentencing exposure under the agreement. Movant's ultimate sentence, after remand,

was well withing the sentencing exposure under the plea agreement and because the Court explained the discretion the sentencing judge has with respect to what a sentence might be, pursuant to *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990), Movant cannot demonstrate prejudice. Any "outside the record" evidence on this issue would not change this finding of the R&R. *Id.*

Movant's second objection is directed at his counsel's failure to recognize that the Court sentenced him in the 2014 case—the release violations matter—in a manner that was not consistent with the terms of the plea agreement. His attorney should have caught that error and raised an objection to the improper sentence at the time of sentencing. However, Movant's appellate attorney raised the issue on appeal, the Government conceded, and Williams was resentenced in accordance with the disposition agreement. (*See* No. 14-cr-398-1-PHX-DLR, Doc. 325.) Movant has not shown that "the result of the proceeding would have been different" but for his counsel's errors. *Strickland*, 466 U.S. at 669.

Movant has not cited authority for his argument that because his counsel did not either seek to have the plea agreement set aside or seek to ensure that he received the benefit of his bargain, "a Constitutional violation [was triggered] and invalidates everything that occurred from that point forward." (CV Doc. 15 at 3.) That is not the law. *Strickland* sets forth the necessary findings for relief when there is ineffective assistance of counsel. The second prong of *Strickland* is just as important as the first. 466 U.S. at 687. There must be a showing that counsel's deficient performance prejudiced the defense. *Id.* Movant has not shown that the *Strickland* second prong has been met. Movant is not entitled to relief. Movant's second objection to the R&R is overruled.

Movant's third and final objection to the R&R is that he should have been given an evidentiary hearing to show that his counsel should have objected to the Government's sentencing position at the first disposition hearing. However, the reason for counsel's failure to object is not relevant to a claim of ineffective assistance of counsel because the failure has been remedied at the re-sentencing. There is nothing an evidentiary hearing

could provide to support a finding of ineffective assistance of counsel. Movant has not demonstrated prejudice to his defense, so Movant's third objection to the R&R is overruled.

The R&R recommends that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 1 in CV-22-02066-PHX-DLR (ASB), Doc. 42 in CR-21-00496-PHX-DLR) be denied and that CV-22-02066-PHX-DLR (ASB) be DISMISSED. The Court accepts the Magistrate Judge's recommended disposition within the meaning of Rule 72(b), Fed. R. Civ. P., and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

**IT IS THEREFORE ORDERED** that the Report and Recommendation of Magistrate Judge Alison S. Bacchus (CV Doc. 12) is **ACCEPTED.**

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment dismissing Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (CV Doc. 1; CR21 Doc. 42) filed pursuant to 28 U.S.C. § 2255 with prejudice and shall terminate this action.

Dated this 8th day of February, 2024.

Douglas L. Rayes
United States District Judge